OPINION
{¶ 1} These consolidated appeals arise from the judgment of the Allen County Common Pleas Court, Juvenile Division, granting legal custody of Tiffany and Marika Beebe to Eric Beebe, the nephew of the children's father, and Jodi Beebe, Eric's spouse. The mother of the children, Karen Beebe, files this appeal.
 {¶ 2} For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 3} The Allen County Children Services Board (hereinafter referred to "ACCSB") formally became involved in this matter when it filed a complaint on January 7, 2000, concerning the Beebe children, alleging serious issues of neglect. After a hearing on January 24, 2000, an order of shelter care was issued by the trial court and the children were removed from the care and custody of their parents, Karen and Kent Beebe, and were placed into the care and custody of relatives Eric and Jody Beebe (hereinafter "the Beebes"). The basis for the shelter care order was that the parents admittedly abused controlled substances; the home conditions were poor, i.e., there was a lack of food and supervision; and Tiffany had a twenty-four percent (24%) absenteeism rate for the school year.
 {¶ 4} On April 18, 2000, the children were adjudicated by the court to be dependent and, by way of disposition, were placed in the temporary custody of the Beebes. Subsequently, the order of temporary custody was extended for an additional six month period.
 {¶ 5} Thereafter, the ACCSB and the Beebes each filed motions requesting that the temporary custody order, which placed the children with the Beebes, be modified to grant legal custody of the children to the Bebees. A dispositional hearing on the motions was held pursuant to R.C. 2151.415(F) by the Juvenile Division of the Allen County Court of Common Pleas. In making its decision, the trial court was required to consider whether returning Marika and Tiffany to their mother would be in their best interest.[1] The magistrate granted the motions and modified the previous order of disposition by placing Tiffany and Marika in the legal custody of the Beebes. The order further specified that the children's parents would retain residual parental rights, privileges and responsibilities as defined in Ohio Juv. R. 2(II), and appellant would have visitation rights.[2]
 {¶ 6} The magistrate's decision to grant legal custody to the Beebes, rather than place the children back with the appellant, was primarily based upon a finding of the appellant's continued drug use. The magistrate found, "It now sadly appears that the substance abuse is likely to continue to preclude reunification within a reasonable period of time."
 {¶ 7} The appellant filed a motion objecting to the magistrate's decision on the grounds that evidence of positive drug screens was improperly considered by the magistrate. The objection was overruled by the trial court, which affirmed the magistrate's decision.
 {¶ 8} The appellant now appeals asserting one assignment of error for our review.
 ASSIGNMENT OF ERROR "The trial court erred when it granted legal custody of the Beebe Children to Eric and Jodi Beebe and divested the mother, Karen Beebe of her rights of legal custody when it based its decision on drug screens with no competent, credible interpretation of the test results."
 DISCUSSION {¶ 9} As part of the ACCSB's case plan to reunite the appellant with her children, the appellant was ordered by the court to take urine drug screen tests. The trial court admitted five documents containing the drug screen test results, which were for the months of February, March, May, June and September of 2001. The tests indicated positive for THC (cannabis), marijuana.[3] No objection to the admission of the test documents was made by appellant during the hearing.
 {¶ 10} The documents were admitted pursuant to Juvenile Rule 34(B)(2) and R.C. 2151.35(B)(2)(b), which provides that the trial court "* * * may admit evidence that is material and relevant, including but not limited to, hearsay, opinion and documentary evidence." Although adjudicatory hearings require strict adherence to the rules of evidence, any relevant evidence is admissible during a dispositional hearing.[4]
The trial court held that the urine screen test results were material and relevant to the issues herein, a matter which the appellant concedes.
 {¶ 11} Although the drug screen test results were properly admitted into evidence, the appellant argues that, nevertheless, the court was not permitted to use the results in reaching its decision on the disposition order. Appellant contends that the court could not rely on the test result information in formulating its decision because there was no testimony to explain to the court the meaning of the test results relative to appellant's continued use of drugs. The witnesses whose testimony referred to the drug test results, appellant contends, had no personal knowledge on how to (1) determine the concentration of marijuana in the mother/appellant's system; (2) tell the frequency of use of marijuana; or (3) how the suspected marijuana was introduced into the mother/appellant's system.
 {¶ 12} The appellant stresses the importance of this purported error because, as the record indicates, the appellant had successfully completed other areas of the ACCSB's case plan, including gaining employment, acquiring adequate housing, attending substance abuse counseling sessions, and gaining distance from Kent Beebe, her husband.
 {¶ 13} We disagree that the trial court could not consider the test results in reaching its decisionwithout additional, explanatory testimony. The appellant has provided no authority to support her argument that the trial court was precluded, as a matter of law, from considering the results of the court ordered drug tests. Once the drug test results had been admitted, it was left to the discretion of the trial court to determine what weight and credibility to give the evidence.
 {¶ 14} The case plan reasonably required appellant to refrain from use of illegal substances. The test results, indicating positive for continued marijuana use, were probative of the issue of whether appellant was engaged in ANY continued drug use regardless of the extent and manner of such use. Appellant's attempt to explain away the positive test results as false positives which were caused by either the inhalation of second hand smoke or from the ingestion of poppy seed salad dressing were not convincing to the magistrate who is in the best position to evaluate the credibility of the witnesses. Appellant offered no expert testimony to support her position in this regard. The drug screen test results were properly admitted into evidence and considered by the finder of fact.
 {¶ 15} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgments of the trial court.
Judgments affirmed.
 SHAW, J., concurs.
 BRYANT, P.J., concurs in judgment only.
[1] See, R.C. 2151.42(A).
[2] The father, Kent Beebe, was not granted visitation rights. As stated in the November 15, 2001 magistrate's decision, "the father has not participated in any manner in offered services, and has had no contact with agency personnel for many months."
[3] No additional screens have been performed since September 6, 2001.
[4] In re Baby Girl Baxter (1985), 17 Ohio St.3d 229, 233, citing Juv.R.34(B)(2).